UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD RAY DAVIS, JR., )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 3:22-CV-924-JVB |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 10] filed by the Commissioner of the Social Security Administration on January 12, 2023. Plaintiff Donald Ray Davis, Jr., *pro se*, did not file a response, and the time to do so has passed. The motion is ripe for decision.

The Commissioner asks the Court to dismiss this cause of action because Davis filed his Social Security Complaint outside the limitation period provided in the Social Security Act.

The United States can only be sued if it consents to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Congress can direct how and when federal administrative orders are reviewable by a court, *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958), and Congress has dictated how a final decision of the Commissioner of Social Security can be judicially reviewed:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). In 42 U.S.C. § 405(h), Congress declared that no other review of the Commissioner's findings of fact or decisions is permitted.

The Commissioner's regulations provide that the "mailing" in § 405(g) is the date the individual received (1) the Appeals Council's notice of denial of request for review of the presiding

officer's decision or (2) notice of the Appeals Council's decision. 20 C.F.R. § 422.210(c). Absent a "reasonable showing to the contrary," receipt is assumed to occur five days after the date of the notice. *Id.* Also, the time limit within which to file a civil action after the Commissioner's final decision is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 481-82 (1986).

Davis filed his Social Security Complaint on November 1, 2022. His notice of the Appeals Council's denial of Davis's request for review is dated June 27, 2022,[1] so he presumptively received notice on July 2, 2022. Davis, who has not responded to the motion, has made no reasonable showing to rebut the presumption of notice by this date, nor has he shown that he requested or received additional time from the Commissioner to file suit. Sixty days after July 2, 2022, is August 31, 2022. Davis filed his Complaint two months and one day late.

Additionally, because Davis did not respond to the motion, no facts were brought forward to the Court indicating that equitable tolling should apply, so the Court will not apply that doctrine. *See Berg v. Bowen*, 699 F. Supp. 184, 184-85 (S.D. Ind. 1988) (dismissing a social security complaint filed after the limitation period where the plaintiff provided no showing that the notice of denial was not received within the presumed five days and failed to show any facts warranting equitable tolling of the limitations period).

For these reasons, the Court **GRANTS** the Motion to Dismiss [DE 10] and **ORDERS** that this case is **DISMISSED**.

SO ORDERED on February 10, 2023.

                                                         s/ Joseph S. Van Bokkelen
                                                         JOSEPH S. VAN BOKKELEN, JUDGE
                                                         UNITED STATES DISTRICT COURT

---

[1] Davis mentions the Notice of Appeals Council Action Letter in his complaint, and the Commissioner has submitted this document to the Court, so the Court may consider it without converting the motion to dismiss to a motion for summary judgment under the doctrine of incorporation by reference. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).